United States District Court
Southern District of Texas
**ENTERED**
January 28, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY<br>    *Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:23-CV-04812 |
| JAMES COSSEY AND ROSECELLA JOHNSON,<br>    *Defendants*. | §<br>§<br>§ | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendant James Cossey's Motion to Dismiss.[1]  ECF 20. Having reviewed the pleadings, the parties' arguments, and the law, the Court RECOMMENDS Defendant's Motion be DENIED.

### I.    Factual and Procedural Background.

Plaintiff Allstate Vehicle and Property Insurance Company ("Allstate") brought this suit against Defendants James Cossey and Rosecella Johnson seeking a declaration that Allstate owes no duty to defend or indemnify Johnson in the state court suit brought against her by Cossey.  Cossey sued Johnson in the 80th District Court of Harris County Texas, alleging that Johnson's negligence caused the death of Cossey's adult special needs daughter and seeking damages for wrongful death.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 18.

*Cossey v. Johnson*, No. 2023-72432 (80th Dist. Ct., Harris County, Tex. Oct. 23, 2023); ECF 22-1.[2]  Cossey's Original Petition in the state court suit alleges that:

> On or about July 6, 2023, [Johnson] was a caretaker for Knyara Cossey. [Knyara] Cossey is a disabled special needs adult who requires around the clock care. On the afternoon of July 6, 2023, [Johnson] had run bath water for the disabled adult and left her unattended. [Knyara Cossey] wandered into the bathroom and stepped into the bathtub. Unbeknownst to her, the water temperature was exceedingly hot and [she] was severely burned and scalded on her feet and legs. …. After a nearly 60-day stay at the hospital, [Knyara Cossey] passed away. [James Cossey] was the biological father of [Knyara Cossey] and was grief stricken after learning of the circumstances leading up to his daughter's death.

*Id.* at ¶¶ 4.0–4.1.

No party disputes that Johnson is insured under an Allstate Homeowner's Policy (the "Policy").  ECF 22-3 at 2; ECF 1 at ¶ 14.  Under the Policy, an "**insured person**" means the policyholder and, "if a resident of [the policyholder's] household any relative . . ."  ECF 22-3 at 13 (emphasis in original).[3]  Allstate contends that the decedent, Knyara Cossey, is an "insured person" under the Policy because she was Johnson's biological daughter and a resident of Johnson's household.  ECF 1 at ¶ 14.  In addition, Allstate alleges that Cossey is listed as a named insured on the Policy, and resided in Johnson's household, both of which make him an "insured person" under the Policy.  *Id*.  In this federal declaratory judgment action, Allstate

---

[2] "[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007).

[3] The Policy is properly before the Court under Rule 12(b)(6) standards because it is incorporated in the Complaint and central to Plaintiff's claims.  *Funk*, 631 F.3d at 783.

contends it owes no duty to defend or indemnify Johnson with respect to any judgment Cossey could obtain against her in the state court suit because the Policy "do[es] not **cover bodily injury** to an **insured person** . . . whenever any benefit of this coverage would accrue directly or indirectly to an **insured person**."  ECF 22-3 at 26 (emphasis in original).  This exclusion from coverage is referred to as the "family member exclusion."  *See* ECF 22 at 7 (arguing "whether the family member exclusion negates coverage for Mr. Cossey's claim, [is] clearly more than a theoretical dispute.").

On August 6, 2024, Cossey filed a Motion to Dismiss (ECF 20), seeking dismissal on Rule 12(b)(1) grounds, arguing no case or controversy exists between himself and Allstate because he is not an "insured person" under the Policy.  In support of his Motion to Dismiss, Cossey attached the affidavits of three individuals—himself (ECF 20-1), Quiana Cossey (ECF 20-2), and Ms. Johnson (ECF 20-3).  He also attached an audio CD (ECF 20-4) and the transcript of Johnson's deposition (ECF 20-5).  Allstate filed its Response (ECF 22) on August 27, 2024, and attached Cossey's state court Petition (ECF 22-1), Johnson's state court Answer (ECF 22-2), the Policy (ECF 22-3), and Johnson's insurance application (ECF 22-4).

## II.    Legal Standards.

### A. Rule 12(b)(1).

Rule 12(b)(1) allows a party to challenge the district court's subject matter jurisdiction.  "[A] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Tsolmon v. U.S.*, Civil Action No. H-13-3434, 2015 WL 5093412, at *5 (S.D. Tex. Aug. 28, 2015) (quoting *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014)).  The party asserting federal jurisdiction bears the burden of establishing that jurisdiction exists.  *Id.* (citing *Alabama-Coushatta Tribe of Tex. v. U.S.*, 757 F.3d 484, 487 (5th Cir. 2014); *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014)).

A Rule 12(b)(1) motion to dismiss may present either a "facial" or "factual" attack on the court's subject matter jurisdiction.  A *facial* attack alleges that the face of the complaint demonstrates a lack of subject matter jurisdiction.   When a defendant's Rule 12(b)(1) motion presents a facial attack, the court must consider the allegations in the complaint to be true.  *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).   A Rule 12(b)(1) motion to dismiss based on a facial attack should be granted "only if it appears that plaintiff cannot prove any set of facts in support of its claim that would entitle it to relief."  *Union Pac. R. Co. v. Harris Cnty., Tex*., 790 F. Supp. 2d 568, 573 (S.D. Tex. 2011) (quoting *Home Builders Ass'n of Miss.,*

4

*Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir.1998) and S*anterre v.*

*Agip Petroleum Co,*. 45 F. Supp. 2d 558, 566 (S.D. Tex. 1999)).

A Rule 12(b)(1) motion raises a *factual* attack when a party challenges the

court's jurisdiction based on facts outside the complaint and attaches evidence in

support of its motion. *Texas v. U.S.,* 86 F. Supp. 3d 591, 616 (S.D. Tex. 2015) (citing

*Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)).  Thus, in a factual

challenge, the court may dismiss a case for lack of subject matter jurisdiction based

on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts

evidenced in the record; or (3) the complaint supplemented by undisputed facts plus

the court's resolution of disputed facts.  *Williamson*, 645 F.2d at 413. However,

> [i]n a factual attack, a court's power to make findings of fact and to
> weigh the evidence turns on whether the jurisdictional challenge also
> implicates the merits of the plaintiff's cause of action. If the facts
> necessary to sustain jurisdiction do not implicate the merits of the
> plaintiff's cause of action, the court is free to consider undisputed facts
> and to resolve disputed facts "to satisfy itself as to the existence of its
> power to hear the case." In contrast, if a factual attack on subject matter
> jurisdiction also implicates an element of the cause of action, the action
> should not be dismissed "unless the alleged claim is immaterial or is
> wholly insubstantial and frivolous." In such instances, the motion is
> better analyzed under Federal Rule 12(b)(6) or Federal Rule 56.

*Union Pac. R. Co.*, 790 F. Supp. 2d at 573 (internal citations omitted).  Thus, "where

issues of fact are central to both subject matter jurisdiction and the claim on the

merits, . . . the trial court must assume jurisdiction and proceed to the merits. . . either

under Rule 12(b)(6) or Rule 56."  *Montez v. Department of the Navy*, 392 F.3d 147,

150 (5th Cir. 2004) (citation omitted); *see also Williamson*, 645 F.2d at 415 (noting that the "refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides . . . a greater protection to the plaintiff who in truth is facing a challenge to the validity of his claim" because the Court must either, under Rule 12(b)(6) accept the allegations in the complaint as true, or under Rule 56, find that no genuine issue of material fact exists); *Pickett v. Texas Tech University Health Sciences Center*, 37 F.4th 1013, 1029 (5th Cir. 2022) (noting that when a "decision of the jurisdictional issue requires a ruling on the underlying substantive merits of the case, the decision should await a determination of the merits …").

### B. Rule 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.

2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, in reviewing a motion to dismiss, a district court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryrker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).

## III.    Analysis.

Cossey's Motion to Dismiss attaches evidence outside the Complaint and raises a factual challenge to the court's subject matter jurisdiction. Cossey argues that no case or controversy exists between the parties because Allstate cannot prove any facts demonstrating he is an "insured person" under the Policy and thus, the family member exclusion asserted by Allstate does not apply to him. Meanwhile, Allstate's declaratory judgment claim requires it to prove that Cossey is an "insured person" to whom the family member exclusion applies. Clearly, Cossey's factual

attack on the Court's subject matter jurisdiction implicates the merits of an element of Allstate's claim seeking a declaration that it owes no duty to defend or indemnify Johnson or Cossey, because both are "insured persons" to whom the family member exclusion applies.  ECF 1; ECF 22-3.

Because Cossey's factual challenge to subject matter jurisdiction—that Allstate cannot prove he is an "insured person" under the policy—is also a challenge to one of the core elements of Allstate's declaratory judgment action, the Court must treat the Motion to Dismiss as one brought under Rule 12(b)(6) or Rule 56.  *Montez*, 392 F.3d at 150.

Allstate's Complaint plausibly pleads sufficient facts to survive Rule 12(b)(6) scrutiny.  Allstate's Complaint alleges, in relevant part:

> The governing provisions of the Allstate homeowner's policy issued to both Defendants as the named insureds are in the Family Liability Protection provisions, Coverage X in Section II of the policy. Under the "Losses We Cover Under Coverage X," Allstate agrees to defend and indemnify an "insured person" for "bodily injury" damages "arising from an occurrence to which this policy applies, and is covered by this part of the policy." Allstate acknowledges that Ms. Johnson is an "insured person" and that the claims against her are for "bodily injury" damages "arising from an occurrence," as the relevant terms are defined by the policy.

> However, Coverage X exists only for damages "covered by this part of the policy." Paragraph 2 of the "Losses We Do Not Cover Under Coverage X" eliminates any defense or indemnity obligations for any "bodily injury to an insured person…whenever any benefit of this coverage would accrue directly or indirectly to an insured person." An "insured person" is defined in paragraph 6 of the Definitions Used In This Policy to include both a named insured and a resident relative of

8

any named insured. Thus, the decedent falls within the definition of an "insured person" as the resident daughter of both named insureds, the Defendants herein. Furthermore, because Mr. Cossey, a named insured, is the only person seeking damages for his wrongful death claim, coverage would result in a benefit accruing directly to Mr. Johnson, an "insured person."

ECF 1 at ¶ 15–16.  The allegations in Allstate's Complaint, taken as true, plausibly allege that Allstate is entitled to a declaration that no duty to defend or indemnify exists because Johnson, the decedent, and Cossey are all "insured persons" for whom coverage for the decedent's injury is excluded by the Policy.  Thus, Cossey's Motion to Dismiss must be denied under Rule 12(b)(6) standards.

Treating the Motion to Dismiss under Rule 56 standards yields the same result.  Cossey attached multiple affidavits and deposition testimony all purporting to prove, among other things, that Cossey has not lived with Johnson in over 19 years, he was never intended to be an insured on Johnson's homeowner's policy, and Allstate's inclusion of his name as an insured on the policy was a mistake.  ECF 20-1; ECF 20-5.  Allstate attached to its Response the Policy which lists Cossey as an insured (ECF 22-3 at 8) and Johnson's insurance application which identifies Cossey as her husband and a resident of the property (ECF 22-4 at 2).  Allstate's evidence creates a disputed issue of genuine fact that precludes summary judgment:  whether Cossey was a named insured; whether he was Johnson's husband; and whether he resided at the property.  Therefore, whether the Court applies Rule 12(b)(6) and

accept Allstate's factual allegations as true, or applies Rule 56 and considers both parties' evidence, Cossey's Motion to Dismiss should be DENIED.

## IV.    Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendant Cossey's Motion to Dismiss (ECF 20) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).   Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 28, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge